

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EVAN POTTER, individually and on behalf of himself and all others similarly situated,

Plaintiffs,

v.

CALIFORNIA FINE WINE & SPIRITS LLC and DOES 1 through 50, inclusive,

Defendants.

Lead Case No.:  25-cv-3286-AJB-MSB

Consolidated with:
Case No.:  26-cv-2440-AJB-MSB
Case No.:  26-cv-2443-AJB-MSB

**ORDER GRANTING JOINT MOTION TO CONSOLIDATE**

**(Doc. No. 20)**

Plaintiffs Evan Potter and Khang Nguyen ("Plaintiffs") and Defendant California Fine Wine and Spirits, LLC ("Defendant"), jointly move to consolidate the following three actions: (1) *Evan Potter v. California Fine Wine & Spirits, LLC*, Case No. 25-cv-3286-AJB-MSB (the "Potter Action"); (2) *Khang Nguyen v. California Fine Wine & Spirits, LLC*, Case No. 26-cv-2440-AJB-MSB (the "Nguyen PAGA Action"); and (3) *Khang Nguyen v. California Fine Wine & Spirits, LLC*, Case No. 26-cv-2443-AJB-MSB (the "Nguyen Class Action") (collectively, "Related Actions") under Rule 42(a) of the Federal Rules of Civil Procedure. (Doc. No. 20.) For the reasons provided below, the Court **GRANTS** the Joint Motion.

## I.    BACKGROUND

### A.    Procedural Background

Plaintiff Evan Potter filed his Complaint in San Diego Superior Court on September 10, 2025, alleging class action claims for violations of California's Labor Code. (*Potter*, Doc. No. 1-2 at 5–23.) On October 24, 2025, Potter filed a First Amended Complaint ("FAC") adding a claim under the Private Attorneys' General Act ("PAGA"). (*Potter*, Doc. No. 1-2 at 31–52 ("Potter FAC").) Defendant removed the matter to the United States District Court for the Southern District of California on November 24, 2025. (*Potter*, Doc. No. 1.)

The Nguyen PAGA Action was filed on January 2, 2025, in the Superior Court of California, County of Los Angeles. (*Nguyen PAGA Action*, Doc. No. 1 at 16–39 ("Nguyen PAGA Compl.").) On February 11, 2026, Defendant removed the Nguyen PAGA Action to the United States District Court for the Central District of California. (*Nguyen PAGA Action*, Doc. No. 1 at 2–12.) On April 15, 2026, the parties jointly moved to transfer the Nguyen PAGA Action to the Southern District of California. (*Nguyen PAGA Action*, Doc. No. 14.) The court granted the joint motion and the matter was transferred to the Southern District of California. (*Nguyen PAGA Action*, Doc. Nos. 15–16.) On April 29, 2026, this matter was transferred to the undersigned pursuant to Civil Local Rule 40.1 (the "Low-Number Rule"). (*Nguyen PAGA Action*, Doc. No. 19.)

The Nguyen Class Action was filed on October 30, 2025, in the Superior Court of California, County of Los Angeles. (*Nguyen Class Action*, Doc. No. 1-1 ("Nguyen Class Action Compl.").) On December 19, 2025, Defendant removed the Nguyen Class Action to the United States District Court for the Central District of California. (*Nguyen Class Action*, Doc. No. 1.) On April 15, 2026, the parties jointly moved to transfer the Nguyen Class Action to the Southern District of California. (*Nguyen Class Action*, Doc. No. 17.) The court granted the joint motion, and the matter was transferred to the Southern District of California. (*Nguyen Class Action*, Doc. Nos. 18–19.) On April 29, 2026, this matter was

transferred to the undersigned pursuant to the Low-Number Rule. (*Nguyen Class Action*, Doc. No. 22.)

### B. Factual Background

Plaintiffs allege to have worked for Defendant as hourly, non-exempt employees. (*See* Potter FAC; Nguyen PAGA Compl; Nguyen Class Action Compl.) Plaintiffs allege that Defendant violated the California Labor Code and engaged in unfair business practices stemming from its purported failure to pay overtime compensation, provide meal breaks and rest periods, pay minimum wage, provide accurate wage statements, maintain accurate time and payroll records, reimburse necessary business-related expenses, and pay reporting wages. (*Id.*) Plaintiffs both seek to represent a class of all current and former non-exempt employees who worked for Defendants in California at any time from four years prior to the filing of their respective actions. (*Id.*)

## II. LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsh. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984)

## III. DISCUSSION

Having reviewed the complaints in the Potter Action, the Nguyen Class Action, and the Nguyen PAGA Action, the Court finds consolidation appropriate under Federal Rule of Civil Procedure 42(a). The Related Actions involve common questions of fact and law. The three complaints involve the same defendant, nearly identical proposed classes, many of the same factual allegations, and substantially overlapping causes of action under

California's Labor Code and PAGA. Given the similar factual and legal issues, consolidation of the three cases will advance the interests of judicial economy.

The benefit to judicial convenience of consolidating these actions outweighs the potential for any inconvenience, delay, or expense that consolidation could cause, because consolidation would avoid duplicative discovery and proceedings in these cases that are based on nearly identical allegations, share common issues of law and fact, are in similar stages of development, and are pending in the same venue. *See Huene*, 743 F.2d at 704.

Moreover, courts in this circuit generally find that related class actions and PAGA suits are suitable for consolidation. *See, e.g.*, *Martinez v. Sunnova Energy Corp.*, No. 2:24-CV-06346-MRA-MAR, 2025 WL 732350, at *8 (C.D. Cal. Mar. 7, 2025) (subsequent history omitted) (finding that although consolidation of the class action and PAGA claims may cause minimal delay, absent any showing of prejudice or confusion, "such delay does not outweigh the efficiencies realized through consolidation"); *Blackwell v. Com. Refrigeration Specialists, Inc.*, No. 2-20-CV-01968-KJM-CKD, 2021 WL 2634501, at *6 (E.D. Cal. June 25, 2021) (consolidating PAGA and CAFA actions where "both cases involve the same parties" and "the set of claims in one case is a near mirror of the other"); *Gong-Chun v. Aetna Inc.*, No. 1:09-CV-01995-SKO, 2012 WL 2872788, at *3 (E.D. Cal. July 12, 2012) (observing that PAGA and class actions were suitable for consolidation where the aggrieved employees in the former were also the putative class members in the latter, and the PAGA penalties sought "were necessarily dependent upon proof of the violations of the Labor Code alleged in" the class action); *Ariola v. Raytheon CA Techs. Corp.*, No. CV234664MWFAGRX, 2023 WL 5764296, at *10 (C.D. Cal. Sept. 6, 2023) (finding that unopposed consolidation of PAGA suit and class action "will aid judicial and party efficiency" and "help avoid delay, confusion, and prejudice" because "the two actions are based on the same underlying facts").

Accordingly, having reviewed the facts and circumstances set forth in the parties' joint motion, and for good cause shown, the Court **GRANTS** the Joint Motion to Consolidate.

4

## IV.   CONCLUSION

For the foregoing reasons the Joint Motion to Consolidate (Doc. No. 20) is **GRANTED**. The Court hereby **ORDERS** as follows:

1.   The following cases are hereby consolidated for all purposes under Case No. 25-cv-3286-AJB-MSB (the "Consolidated Action"): *Evan Potter v. California Fine Wine & Spirits, LLC*, Case No. 25-cv-3286-AJB-MSB; *Khang Nguyen v. California Fine Wine & Spirits, LLC*, Case No. 26-cv-2440-AJB-MSB; and *Khang Nguyen v. California Fine Wine & Spirits, LLC*, Case No. 26-cv-2443-AJB-MSB.

2.   All future documents filed in connection with the Consolidated Action must be filed under Lead Case No. 3:25-cv-03286-AJB-MSB, which is designated as the "Lead Case." All documents previously filed and/or served in the Related Actions are deemed a part of the record in the Consolidated Action. In all subsequent filings, the case number must appear as follows:

LEAD CASE No.: 25-cv-3286-AJB-MSB
Consolidated With:
Case No.: 26-cv-2443-AJB-MSB
Case No.: 26-cv-2440-AJB-MSB

3.   Plaintiffs must file a consolidated complaint no later than **May 26, 2026**. Defendant must answer or otherwise respond to the consolidated complaint no later than **June 16, 2026**.[1]

**IT IS SO ORDERED.**

Dated:  May 4, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

[1] The Court reminds the parties to fully review and comply with the undersigned's Civil Case Procedures prior to filing any noticed motions. *See* J. Battaglia Civ. Case Proc. § III.