Karin M. Cogbill (State Bar No. 244606)
Sean M. Bothamley (State Bar No. 300100)
Andres Antuna (State Bar No. 354766)
JACKSON LEWIS P.C.
160 W. Santa Clara St., Ste. 400
San Jose, CA 95113
Telephone: (408) 579-0404
Facsimile: (408) 454-0290
E-mail: Karin.Cogbill@jacksonlewis.com
Sean.Bothamley@jacksonlewis.com
Andres.Antuna@jacksonlewis.com

Attorneys for Defendant
CALIFORNIA FINE WINE & SPIRITS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN POTTER AND KEVIN NGUYEN, individually and on behalf of themselves and all other similarly situated, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA FINE WINE & SPIRITS, LLC and DOES 1 through 50, inclusive,<br><br>Defendant. | LEAD CASE NO. 3:25-CV-03286-AJB-MSB<br><br>Consolidated with:<br>Case No.: 26-cv-2443-AJB-MSB<br>Case No.: 26-cv-2440-AJB-MSB<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>Complaint Filed: 9/10/2025<br>Consolidated First Amended Complaint Filed: 05/26/2026<br>Trial Date: None Set |

Defendant CALIFORNIA FINA WINTE & SPIRITS, LLC ("Defendant") hereby answers Plaintiffs EVAN POTTER AND KEVIN NGUYEN ("Plaintiffs") First Amended Consolidated Class and Representative Action Complaint ("FAC") as follows:

## INTRODUCTION

1. Responding to paragraph 1 of Plaintiffs' FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

2. Responding to paragraph 2 of Plaintiffs' FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

3. Responding to paragraph 3 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

4. Responding to paragraph 4 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

5. Responding to paragraph 5 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

6. Responding to paragraph 6 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required.

To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

7. Responding to paragraph 7 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

8. Responding to paragraph 8 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

## JURISDICTION AND VENUE

9. Responding to paragraph 9 of Plaintiff's FAC, this paragraph states only conclusions of law, and on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

10. Responding to paragraph 10 of Plaintiff's FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required by Defendant, Defendant admits that it conducts business in California and denies the allegations asserted in the paragraph. Except as expressly admitted, Defendant denies the remaining allegations asserted in this paragraph.

## PARTIES

11. Answering paragraph 11 of Plaintiff's FAC, Defendant admits on information and belief that Plaintiff Khang Nguyen is a resident of Orange County, CA, and admits he was employed by Defendant from approximately September 2010 through March 2025. Defendant denies that Plaintiff Nguyen worked for Defendant in Defendant's stores approximately 5 days per week, 40+ hours per week as a "Sales Manager."

12. Answering paragraph 12 of Plaintiff's FAC, Defendant admits on information and belief that Plaintiff Evan Potter was employed by Defendant from approximately December 2022 to March 2025. Defendant denies that Plaintiff Potter worked for Defendant as a "Manager."

13. Responding to paragraph 13 of Plaintiff's FAC, Defendant admits that Plaintiffs were employed by Defendant, and worked in California as non-exempt employees. Defendant admits that Plaintiffs purport to assert class allegations in the FAC on behalf of other non-exempt California employees of Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

14. Responding to paragraph 14 of Plaintiff's FAC, Defendant admits that it is a limited liability company registered in California, and that its principal mailing address is 6600 Rockledge Dr, Ste 150, Bethesda, MD 20817.

15. Responding to paragraph 15 of Plaintiff's FAC, Defendant admits that it conducts business in California. Defendant denies that it operates 288 superstores across 30 states. Except as expressly admitted, Defendant denies the remaining allegations asserted in this paragraph.

16. Responding to paragraph 16 of Plaintiff's FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

17. Responding to paragraph 17 of Plaintiff's FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

18. Responding to paragraph 18 of Plaintiff's FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further

response is required, Defendant denies the allegations asserted in the paragraph.

**FACTUAL ALLEGATIONS**

19. Answering paragraph 19 of the FAC, Defendant admits that it employed Plaintiffs and that during their employment with Defendant, Plaintiffs were compensated based on an hourly wage. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

20. Answering paragraph 20 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant admits that it employed Plaintiffs and that during their employment with Defendant, Plaintiffs were non-exempt employees. Except as expressly admitted, Defendant denies the remaining allegations asserted in this paragraph.

21. Answering paragraph 21 of the FAC, Defendant admits that it employed Plaintiffs and that during their employment with Defendant, Plaintiffs were non-exempt employees compensated based on an hourly wage. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

22. Answering paragraph 22 of the FAC, Defendant objects to the allegation to the extent it seeks information protected by the attorney-client or work-product privileges, including whether and to what extent Defendant was advised by lawyers with respect to the requirements of California's wage and employment laws at issue in this litigation, and on that basis, Defendant denies the allegations asserted in the paragraph.

23. Answering paragraph 23 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

24. Answering paragraph 24 of the FAC, Defendant lacks sufficient

information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

25. Answering paragraph 25 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

26. Answering paragraph 26 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

27. Answering paragraph 27 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

28. Answering paragraph 28 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

29. Answering paragraph 29 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

30. Answering paragraph 30 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

31. Answering paragraph 31 of the FAC, Defendant denies the allegations

asserted in this paragraph.

32. Answering paragraph 32 of the FAC, the paragraph refers to a wage statement that is not provided within or attached to the Complaint. On information and belief, Plaintiff Potter did not take the alleged sick leave during the period in which the referenced "bonus" was earned, and on that basis, Defendant denies the allegations asserted in this paragraph.

33. Answering paragraph 33 of the FAC, the allegation is asserted conditionally and equivocally as to its premise, and on that basis, Defendant denies the allegations asserted in this paragraph.

34. Answering paragraph 34 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

35. Answering paragraph 35 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

36. Answering paragraph 36 of the FAC, Defendant denies the allegations asserted in this paragraph.

37. Answering paragraph 37 of the FAC, Defendant denies the allegations asserted in this paragraph.

38. Answering paragraph 38 of the FAC, Defendant denies the allegations asserted in this paragraph.

39. Answering paragraph 39 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

40. Answering paragraph 40 of the FAC, this paragraph states only

conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

41. Answering paragraph 41 of the FAC, the paragraph refers to a wage statement that is not provided within or attached to the Complaint. On information and belief, Plaintiff Potter did not earn "three meal period premium payments" during the period in which the referenced "bonus" was earned, and on that basis, Defendant denies the allegations asserted in this paragraph.

42. Answering paragraph 42 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

43. Answering paragraph 43 of the FAC, Defendant denies the allegations asserted in this paragraph.

44. Answering paragraph 44 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

45. Answering paragraph 45 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

46. Answering paragraph 46 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

47. Answering paragraph 47 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is

required. To the extent that any further response is required, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph as to whether employees incurred costs of cleaning their uniforms. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

48. Answering paragraph 48 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

49. Answering paragraph 49 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

50. Answering paragraph 50 of the FAC, the paragraph refers to a “notice” that is not provided within or attached to the Complaint. On information and belief, Defendant denies the allegations asserted in this paragraph.

51. Answering paragraph 51 of the FAC, the paragraph refers to a wage statement that is not provided within or attached to the Complaint. On information and belief, the overtime payment referenced was not earned based on hours worked within the alleged pay period, and on that basis, Defendant denies the allegations asserted in this paragraph.

52. Answering paragraph 52 of the FAC, Defendant denies the allegations asserted in this paragraph.

53. Answering paragraph 53 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

54. Answering paragraph 54 of the FAC, Defendant denies the allegations

asserted in this paragraph.

55. Answering paragraph 55 of the FAC, Defendant denies the allegations asserted in this paragraph.

56. Answering paragraph 56 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

57. Answering paragraph 57 of the FAC, Defendant denies the allegations asserted in this paragraph.

58. Answering paragraph 58 of the FAC, Defendant denies the allegations asserted in this paragraph.

## CLASS ACTION ALLEGATIONS

59. Answering paragraph 59 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

60. Answering paragraph 60 of the FAC, this paragraph and its subparagraphs state only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph and its subparagraphs.

61. Answering paragraph 61 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

62. Answering paragraph 62 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

63. Answering paragraph 63 of the FAC, this paragraph and its subparagraphs state only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph and its subparagraphs.

64. Answering paragraph 64 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

65. Answering paragraph 65 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

66. Answering paragraph 66 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

67. Answering paragraph 67 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

68. Answering paragraph 68 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

**FIRST CAUSE OF ACTION**

**UNFAIR COMPETITION IN VIOLATION OF**

**CAL. BUS. § PROF. CODE §§ 17200, *et seq.***

69. Answering paragraph 69 of the FAC, Defendant incorporates all of its

answers to the allegations set forth in the foregoing paragraphs.

70. Answering paragraph 70 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

71. Answering paragraph 71 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph and its subparagraphs.

72. Answering paragraph 72 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

73. Answering paragraph 73 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

74. Answering paragraph 74 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1

75. Answering paragraph 75 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

76. Answering paragraph 76 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is

required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

77. Answering paragraph 77 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

78. Answering paragraph 78 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

79. Answering paragraph 79 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

80. Answering paragraph 80 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

81. Answering paragraph 81 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

82. Answering paragraph 82 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

83. Answering paragraph 83 of the FAC, Defendant denies the allegations asserted in this paragraph.

84. Answering paragraph 84 of the FAC, Defendant denies the allegations asserted in this paragraph.

85. Answering paragraph 85 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

86. Answering paragraph 86 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;**

87. Answering paragraph 87 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

88. Answering paragraph 88 of the FAC, Defendant denies that, during all relevant periods of time, Defendant required Plaintiffs and putative class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

89. Answering paragraph 89 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

90. Answering paragraph 90 of the FAC, Defendant denies the allegations asserted in this paragraph.

91. Answering paragraph 91 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the

allegations asserted in the paragraph.

92. Answering paragraph 92 of the FAC, Defendant denies the allegations asserted in this paragraph.

93. Answering paragraph 93 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

94. Answering paragraph 94 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

95. Answering paragraph 95 of the FAC, Defendant denies the allegations asserted in this paragraph.

96. Answering paragraph 96 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512

97. Answering paragraph 97 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

98. Answering paragraph 98 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

99. Answering paragraph 99 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is

required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

100. Answering paragraph 100 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

101. Answering paragraph 101 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

102. Answering paragraph 102 of the FAC, Defendant denies the allegations asserted in this paragraph.

103. Answering paragraph 103 of the FAC, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

104. Answering paragraph 104 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph

105. Answering paragraph 105 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

106. Answering paragraph 106 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

107. Answering paragraph 107 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

108. Answering paragraph 108 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

109. Answering paragraph 109 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

**<u>FIFTH CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512**

110. Answering paragraph 110 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

111. Answering paragraph 111 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

112. Answering paragraph 112 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

113. Answering paragraph 113 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations

asserted in the paragraph.

114. Answering paragraph 114 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

115. Answering paragraph 115 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

116. Answering paragraph 116 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

117. Answering paragraph 117 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

118. Answering paragraph 118 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

119. Answering paragraph 119 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

120. Answering paragraph 120 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations

asserted in the paragraph.

**<u>SIXTH CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226**

121. Answering paragraph 121 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

122. Answering paragraph 122 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

123. Answering paragraph 123 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

124. Answering paragraph 124 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

125. Answering paragraph 125 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

126. Answering paragraph 126 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

127. Answering paragraph 127 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To

the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

128. Answering paragraph 128 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

129. Answering paragraph 129 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, as the allegations do not assert facts as to Defendant, and Defendant denies the allegations asserted in this paragraph.

130. Answering paragraph 130 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## SEVENTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802

131. Answering paragraph 131 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

132. Answering paragraph 132 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

133. Answering paragraph 133 of the FAC, Defendant denies the allegations asserted in this paragraph.

134. Answering paragraph 134 of the FAC, this paragraph fails to allege

any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph as to whether employees incurred costs of cleaning their uniforms. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

135. Answering paragraph 135 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

136. Answering paragraph 136 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

137. Answering paragraph 137of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE WAGES WHEN DUE DURING EMPLOYMENT IN VIOLATION OF CAL. LAB. CODE § 204

138. Answering paragraph 138 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

139. Answering paragraph 139 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

140. Answering paragraph 140 of the FAC, this paragraph fails to allege

any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

141. Answering paragraph 141 of the FAC, this paragraph states conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

142. Answering paragraph 142 of the FAC, this paragraph and its subparagraphs fail to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph and its subparagraphs.

143. Answering paragraph 143 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE WAGES WHEN DUE UPON SEPARATION FROM EMPLOYMENT IN VIOLATION OF CAL. LAB. CODE §§ 201, 202, AND 203

144. Answering paragraph 144 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

145. Answering paragraph 145 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

146. Answering paragraph 146 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To

the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

147. Answering paragraph 147 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

148. Answering paragraph 148 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

149. Answering paragraph 149 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## TENTH CAUSE OF ACTION

## FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB. CODE §§ 200-204, 233, 246

150. Answering paragraph 150 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

151. Answering paragraph 151 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

152. Answering paragraph 152 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

153. Answering paragraph 153 of the FAC, this paragraph states only

conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

154. Answering paragraph 154 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO PAY VACATION WAGES IN VIOLATION OF CAL. LAB. CODE §§ 201-203, 227.3, 1194, AND 1198

155. Answering paragraph 155 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

156. Answering paragraph 156 of the FAC, Defendant admits that it employs policies that provide for vacation/PTO to Plaintiff and putative class members.

157. Answering paragraph 157 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

158. Answering paragraph 158 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

159. Answering paragraph 159 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

160. Answering paragraph 160 of the FAC, this paragraph fails to allege

any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

161. Answering paragraph 161 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in this paragraph.

162. Answering paragraph 162 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## TWELFTH CAUSE OF ACTION

## PENALTIES UNDER PRIVATE ATTORNEYS' GENERAL ACT, LABOR CODE SECTION 2698 ET SEQ.

163. Answering paragraph 163 of the FAC, Defendant incorporates all of its answers to the allegations set forth in the foregoing paragraphs.

164. Answering paragraph 164 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, and on that basis, Defendant denies the allegations asserted in the paragraph.

165. Answering paragraph 165 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

166. Answering paragraph 166 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant lacks

sufficient information to admit or deny the allegations alleged in this paragraph, and on that basis, Defendant denies the allegations asserted in the paragraph.

167. Answering paragraph 167 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant lacks sufficient information to admit or deny the allegations alleged in this paragraph, and on that basis, Defendant denies the allegations asserted in the paragraph.

168. Answering paragraph 168 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

169. Answering paragraph 169 of the FAC, this paragraph fails to allege any allegations against Defendant, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

170. Answering paragraph 170 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

171. Answering paragraph 171 of the FAC, this paragraph and its subparagraphs state only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph and its subparagraphs.

172. Answering paragraph 172 of the FAC, this paragraph and its subparagraphs state only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph and its subparagraphs.

173. Answering paragraph 173 of the FAC, this paragraph states only

conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

174. Answering paragraph 174 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

175. Answering paragraph 175 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

176. Answering paragraph 176 of the FAC, this paragraph states only conclusions of law, and, on that basis, no response from Defendant is required. To the extent that any further response is required, Defendant denies the allegations asserted in the paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies each and every allegation contained in Plaintiffs' Prayer for Relief, and specifically denies that Plaintiffs and the putative class are entitled to any relief against Defendant.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has the burden of proof on any issue, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

As a separate and distinct affirmative defense, putative class members whom Plaintiffs seek to represent in this action have signed and are subject to enforceable arbitration agreements that cover the claims asserted in this action; individuals must

pursue their claims in individual arbitration, and cannot participate in a class action or bring their claims before this court.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate and distinct affirmative defense, the FAC as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate and distinct affirmative defense, Plaintiffs' purported causes of action are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 338, 340, and 343, Labor Code section 203, and Business and Professions Code sections 17200 and 17208.

**FOURTH AFFIRMATIVE DEFENSE**

**(Offset)**

As a separate and distinct affirmative defense, Defendant alleges to the extent Plaintiffs, and/or others whom they seek to represent in this action, are entitled to any additional compensation from Defendant, which Defendant denies, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiffs, and/or others whom they seek to represent in this action, received from Defendant in excess of the compensation to which they were legally entitled to for the work performed.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs and/or others whom Plaintiffs seek to represent in this action failed to exercise reasonable care to mitigate their alleged losses or damages, if any, such that the right to recover any claimed losses or damages, if any, against Defendant

should be barred or reduced by the amount of such damages that could have been avoided.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

Any purported liability for penalties under the Labor Code, including pursuant to Labor Code sections 201, 202, 203, 204, 226, and 1194.2, is barred by the existence of a good faith and bona fide dispute as to whether Defendant owed Plaintiffs and/or others whom they seek to represent in this action any monies, as any alleged failure or omission by Defendant was not committed willfully, knowingly, or intentionally.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Meal Breaks and Rest Periods Compliance)**

To the extent, if any, that Plaintiffs, and/or others whom they seek to represent in this action, did not take meal periods and/or rest breaks, it was because they: (1) voluntarily failed to take meal breaks that were provided in compliance with California law; (2) voluntarily chose not to take rest breaks that were authorized and permitted; (3) chose to take meal periods and/or rest breaks at times other than those provided and/or authorized and permitted by Defendant; and/or (4) waived their right to meal breaks under California Labor Code section 512(a) and/or the applicable Wage Order of the Industrial Welfare Commission.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Affirmative Waiver of Meal Periods)**

The FAC is barred, in whole or in part, because Plaintiffs, and/or others whom they seek to represent in this action, voluntarily chose to affirmatively waive provided meal periods in accordance with applicable IWC Wage Orders and/or Labor Code section 515.

/ / /

/ / /

**NINTH AFFIRMATIVE DEFENSE**

**(Secreted or Absented)**

The FAC, and each cause of action alleged therein, is barred in whole or in part to the extent that Plaintiffs, and/or others whom they seek to represent in this action, secreted or absented themselves to avoid payment of wages, thereby further relieving Defendant of liability for waiting time penalties under the California Labor Code, including but not limited to California Labor Code sections 201 through 203.

**TENTH AFFIRMATIVE DEFENSE**

**(*De Minimus Non Curat Lex* Doctrine)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims for unpaid wages premised upon off-the-clock work are barred by the doctrine of *de minimis non curat lex*.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Unfair Competition)**

Plaintiffs' First Cause of Action for unlawful business practices under Business and Professions Code section 17200, *et seq*., is barred because the alleged practices are not unfair, unlawful or fraudulent; the public is not likely to be deceived by any alleged practices; Defendant did not engage in unlawful business practices; Defendant complied with all applicable statutes and regulations; and Defendant gained no economic advantage by such alleged practices. Further, any claims of Plaintiffs, and/or others whom they seek to represent in this action, for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200, *et seq*., are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs, and/or others whom they seek to represent in this action, are not entitled to equitable or injunctive relief insofar as they have an adequate remedy at law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Breach of Duty)**

Plaintiffs' claims are barred by their own breach of the duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858, and/or 2859 as managers and supervisors of other non-exempt, hourly employees whom they seek to represent in this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel or Res Judicata, including Settlement and Release)**

The FAC is barred, in whole or in part, to the extent that Plaintiffs and others whom Plaintiffs seek to represent in this action have or could have pursued the same claims before a state or federal court, the Department of Industrial Relations, Division of Labor Standards Enforcement, or the United States Department of Labor, and/or to the extent that any claims alleged in the FAC have already been addressed, litigated, and/or released as part of any other action, settlement, or release.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Representative Action Inappropriate)**

Defendant alleges this action cannot be tried on a representative basis because: (1) such a determination requires complex individualized factual issues; (2) penalties could not be calculated on a representative basis; (3) any penalties that might be proven would not be identical for all allegedly aggrieved employees; (4) trying such a representative action would be unmanageable; and (5) trying such a representative action would be contrary to the legislative intent of the California

Private Attorneys' General Act, California Labor Code § 2698 et seq. ("PAGA").

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Knowing and Intentional Failure)**

Defendant alleges that, even assuming *arguendo* Plaintiffs and others whom Plaintiffs seek to represent in this action were not provided with a proper itemized statement of wages and deductions, Plaintiffs and others whom Plaintiffs seek to represent in this action are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under section 226(e).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Injury)**

Defendant alleges that, even assuming *arguendo* Plaintiffs and others whom Plaintiffs seek to represent in this action were not provided with a proper itemized statement of wages and deductions, Plaintiffs and others whom Plaintiffs seek to represent in this action are not entitled to recover damages because they did not suffer any injury.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Aggrieved Employees)**

Defendant alleges Plaintiffs lack standing to sue pursuant to PAGA, as neither Plaintiffs nor any of the individuals Plaintiffs seek to represent are "aggrieved employees."

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs' Complaint is barred to the extent Plaintiffs lack standing to bring the instant action on behalf of themselves and/or other alleged aggrieved employees.

/ / /

/ / /

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Insufficient Notice)**

Defendant alleges Plaintiffs failed to provide the LWDA sufficient notice of Plaintiffs' claims, the names of the "aggrieved employees" on whose behalf Plaintiffs intend to seek penalties, and/or the facts and theories underlying Plaintiffs' claims to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiffs' notice was deficient and the Court lacks jurisdiction over his claims under the PAGA.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Unjust Penalties)**

Defendant alleges that any penalties awarded against it pursuant to the PAGA would be unjust, oppressive, and/or confiscatory.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Defendant alleges that any claim for civil penalties pursuant to the PAGA predicated on the Labor Code, or any applicable Order of the Industrial Welfare Commission, must fail because Defendant substantially complied with the applicable laws, statutes, regulations, and Wage Orders.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Defendant Was Not Notified)**

To the extent Plaintiffs and others whom Plaintiffs seek to represent in this action are awarded any penalties under a Labor Code section that provides that all such penalties will be for an "initial violation," then a "subsequent violation" has not occurred because Defendant had not been notified of a violation of a Labor Code provision.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(PAGA – Reduction of Penalties)**

To the extent Plaintiffs and others whom Plaintiffs seek to represent in this

action are awarded any penalties under a Labor Code, Plaintiffs and others whom Plaintiffs seek to represent in this action under the Private Attorneys General Act are not entitled to any recovery of the civil penalties that they seek or recovery should be lessened because, under the circumstances of this case, any such penalties would be unjust, arbitrary, and oppressive based on Defendant's good faith attempts to comply with the Labor Code.

**<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

**(All Reasonable Steps to Comply with Labor Code Prior to Receiving Notice)**

To the extent that Plaintiffs can recover civil penalties under the Private Attorneys General Act, which Defendant maintains Plaintiffs cannot, the civil penalty shall be no more than 15% of the penalty sought under Labor Code sections 2699(a) or 2699(f) because Defendant took all reasonable steps to comply with the Labor Code in accordance with Labor Code section 2699(g)(1).

**<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

**(All Reasonable Steps to Comply with Labor Code Within 60 Days)**

To the extent that Plaintiffs can recover civil penalties under the Private Attorneys General Act, which Defendant maintains Plaintiffs cannot, the civil penalty shall be no more than 30% of the penalty sought under Labor Code sections 2699(a) or 2699(f) because Defendant took all reasonable steps to comply with the Labor Code, within sixty (60) days of receiving notice of violation required by Labor Code section 2699.3 in accordance with Labor Code section 2699(h)(1).

**<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Manageability)**

Plaintiffs' FAC is barred, in whole or in part, because Plaintiffs cannot establish that others whom they seek to represent in this action personally suffered each of the alleged violations, as required by Labor Code section 2699(c)(1). Plaintiffs' claims are not susceptible to common proof, are fact-intensive, and require highly individualized inquiries to determine whether Plaintiffs and others

whom they seek to represent in this action are aggrieved employees. As such, adjudicating Plaintiffs' claims on a non-individual, representative basis would present intractable manageability issues that would deprive Defendant of its due process right to a fair trial.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Isolated, Nonrecurring Event)**

Assuming *arguendo* that a civil penalty under the Private Attorneys General Act is recoverable, which Defendant denies, the civil penalty must be capped at $50 for each aggrieved employee per pay period under Labor Code § 2699(f)(2)(A)(ii) because the alleged violation resulted from an isolated nonrecurring event that did not extend beyond the lesser of thirty (30) consecutive days or four consecutive pay periods.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Limitation on Recovery)**

The FAC is barred, in whole or in part, because assuming arguendo that any recovery is permissible under PAGA, said recovery is limited to the maximum of the first-time violation penalty per claim. See *Amaral v. Cintas* (2008) 163 Cal.App.4th 1157.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**PRAYER**

WHEREFORE, Defendant prays that:

1. The FAC be dismissed in its entirety, with prejudice, and that Plaintiffs and the alleged putative class take nothing by way of their FAC;

2. Judgment be entered against Plaintiffs and in favor of Defendant;

3. Defendant be awarded its costs of suit incurred herein to the extent permitted under applicable law; and

4. The Court award Defendant such other and further relief, as it deems appropriate.

Dated: June 16, 2026

JACKSON LEWIS P.C.

By: *\/s/ Sean M. Bothamley*

Karin M. Cogbill
Sean M. Bothamley
Andres Antuna
Attorneys for Defendant
CALIFORNIA FINE WINE & SPIRITS, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 160 W. Santa Clara St., Suite 400, San Jose, CA 95113. I am over the age of eighteen (18) years and am not a party to this action.

On the date indicated below, I served the below-listed documents in this action by e-mailing a true and correct copy thereof (in PDF format) to Plaintiff's counsel of record and staff, whose address and e-mail addresses are as follows:

**DOCUMENTS SERVED:**

**DEFENDANT'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

| | |
|---|---|
| Rick A. Waltman<br>Andrew T. Katseanes<br>Nicholas J. Ferraro<br>Ferraro Vegas Employment Lawyers, Inc.<br>3333 Camino del Rio South, Suite 300<br>San Diego, CA 92108<br>Tel: (619) 693-7727<br>Fax: (619) 350-6855<br>Email:<br>rick@ferrarovega.com<br>andrew@ferrarovega.com<br>nick@ferrarovega.com<br>marissa@ferrarovega.com<br>leslee@ferrarovega.com | **Attorneys for Plaintiff**<br><br>EVAN POTTER |
| Christina M. Lucio<br>Mitchell J. Murray<br>Nicholas W. Schieffelin<br>Emplaw LLP<br>2235 Encinitas Blvd., Suite 210<br>Encintas, CA 92024<br>Tel: (760) 208-1755<br>Email:<br>christina@emplawllp.com<br>mitchell@emplawllp.com<br>nick@emplawllp.com<br><br>Other emails:<br>darlene@emplawllp.com<br>michael@emplawllp.com | **Attorneys for Plaintiff**<br><br>KHANG NGUYEN |

☒ **BY E-MAIL**: I caused such document to be transmitted electronically from

the undersigned's e-mail valynn.torres@jacksonlewis.com to the e-mail address(es) listed above (by written agreement 10/23/25).

I declare under penalty of perjury, under the laws of the United States and the State of California, that the above is true and correct.

Executed on June 16, 2026, at San Jose, California.

*/s/ Valynn R. Torres*
Valynn R. Torres

4901-5938-2709, v. 1